IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| DAVON ROOKS, | ) |
| --- | --- |
| Petitioner, | ) |
| v. | ) Case No. 19-CV-0239-GKF-JFJ |
| CLAYTON JOHNSON,<br>U.S. Marshal for the Northern<br>District of Oklahoma, | ) |
| Respondent. | ) |

## OPINION AND ORDER

Petitioner Davon Rooks, appearing through counsel, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 (Dkt. 2) on May 6, 2019.[1] At that time, Petitioner, a federal parolee, was detained at the David L. Moss Criminal Justice Center, in Tulsa, Oklahoma, "upon the authority of the U.S. Marshals" following his arrest on January 14, 2019, for an alleged parole violation. Dkt. 2, at 1. Petitioner alleges, as of May 6, 2019, he had "been in custody for 112 days without [a] revocation hearing." *Id.* at 3. Based on Petitioner's representations, the Court ordered Respondent to show cause why the writ should not issue. Dkt. 3. On consideration of the petition, Respondent's response (Dkt. 8), and Petitioner's reply (Dkt. 11), the Court denies the petition.

---

[1] Petitioner's counsel, an Assistant Federal Defender, filed the habeas petition on Petitioner's behalf. Dkts. 1, 2. The Court granted Petitioner's subsequent motion to appoint counsel and appointed the Federal Public Defender's Office to represent him in this action. Dkts. 4, 6.

## I.

The following facts are drawn from the parties' pleadings and exhibits. The Federal Bureau of Prisons released Petitioner on parole on November 16, 2018, under the supervision of the United States Probation Office for the Northern District of Oklahoma (USPO). Dkt. 8, at 1; Dkt. 8-2, at 3. Citing Petitioner's alleged failure to report to his supervising officer, the USPO applied for, and the United States Parole Commission (USPC) issued, an arrest warrant for Petitioner in December 2018. Dkt. 8, at 1; Dkt. 8-4; Dkt. 8-5. Pursuant to the warrant, the United States Marshal's Service (USMS) in the Northern District of Oklahoma arrested Petitioner on January 14, 2019. Dkt. 8, at 2; Dkt. 8-7, at 1. Following his arrest, Petitioner was detained at the David L. Moss Criminal Justice Center (DLMCJC), in Tulsa, Oklahoma. *Id.*; Dkt. 2, at 1.

Assistant Deputy Chief United States Probation Officer Michael Woolridge conducted a preliminary interview with Petitioner on February 4, 2019. Dkt. 8-7, at 1. Petitioner waived his right to have an attorney present for the interview and admitted that he failed to report to his supervising officer on December 17, 2018, as directed by the officer, and failed to have any contact with the officer after December 14, 2018. *Id.*; Dkt. 8-6, at 2. Based on Petitioner's admissions, Woolridge found probable cause to believe that Petitioner violated his parole conditions. Dkt. 8-7, at 2. Petitioner requested a local revocation hearing and, contemporaneously with that request, waived his right to have an attorney represent him at that hearing. *Id.* at 1; Dkt. 8-6, at 3-4.

Petitioner applied for a short-term sanction on February 7, 2019. Dkt. 8-8. In doing so, he accepted responsibility for the alleged parole violation and "agree[d] to waive [his]

revocation hearing." *Id.* at 1. By signing the short-term sanction application, Petitioner indicated his understanding that if the USPC did not approve his request for a sanction of eight months or less, his waiver of the revocation hearing would be void and the USPC would schedule a revocation hearing "within 90 days from the date" of his arrest. *Id.* Petitioner further indicated that he had no current release residence and that he understood the USPC could thus release him directly to a residential reentry center or an in-patient treatment program upon his return to supervision. *Id.* at 2.

Two USPC hearing examiners reviewed Petitioner's short-term sanction application on February 11, 2019. Dkt. 8, at 2; Dkt. 8-9. The examiners recommended that the USPC revoke Petitioner's parole and establish a new parole date of May 13, 2019, "after the service of 4 months with drug aftercare and Residential Re-entry Center placement for up to 120 days." Dkt. 8-9, at 2. The USPC issued a Notice of Action on February 13, 2019, adopting the examiners' recommendations. Dkt. 8-10.

Petitioner remained at the DLMCJC, under the USMS's custody, pending his re-parole date of May 13, 2019. Dkt. 8, at 2. According to Petitioner's counsel, Petitioner did not receive the February 13, 2019 Notice of Action and "was never told of his release date." Dkt. 11, at 3. In late April, Petitioner's family contacted the Federal Public Defender's Office in Tulsa to determine why Petitioner was jailed in Tulsa. *Id.* Sometime before April 30, 2019, Petitioner's counsel spoke with Petitioner and the USPO; neither Petitioner nor the USPO informed counsel of Petitioner's May 13, 2019 re-parole date. *Id.*

At some point—between February 4, 2019, and May 3, 2019—Petitioner provided either the USPO or the USMS a possible release address in Broken Arrow, Oklahoma.

Dkt. 8, at 2; Dkt. 11, at 2-3; Dkt. 8-11. On May 6, 2019, the USPC notified the USMS that Petitioner's "release plan" would not be approved because the address he provided was for a residence belonging to his girlfriend, a convicted felon. Dkt. 8-11, at 1.

Believing Petitioner was being held without a release date and had not been provided a revocation hearing, Petitioner's counsel filed the instant § 2241 habeas petition on May 6, 2019. Dkt. 2, at 1; Dkt. 11, at 3. Petitioner alleged he had been in custody for 112 days without a revocation hearing, in violation of his 14th Amendment right to due process and 18 U.S.C. § 4214. *Id.* at 2-3. Petitioner sought an evidentiary hearing and an order directing his immediate release. *Id.* at 3. Based on Petitioner's representations, the Court directed Respondent to show cause why the writ should not issue. Dkt. 3.

The USPO released a copy of the February 13, 2019 Notice of Action to Petitioner's counsel on May 7, 2019. Dkt. 11, at 3; Dkt. 11-1, at 1. According to counsel, this was the first time Petitioner knew of his May 13, 2019 re-parole date. *Id.* Two days later, on May 9, 2019, the USPC issued a second Notice of Action reflecting its decision to "reopen and retard [the] presumptive parole date of May 13, 2019 by 120 days and parole [Petitioner] effective September 12, 2019." Dkt. 8-12. In the Notice of Action, the USPC indicated Petitioner needed additional time "to develop a satisfactory release plan." *Id.* at 1. Counsel learned on May 10, 2019, via an email from the USPO, that none of Petitioner's release plan options were suitable and that the USPO would not be supervising Petitioner upon his release. Dkt. 11, at 5; Dkt. 11-3. Petitioner was transferred to the Federal Transfer Center on May 16, 2019, and has since been transferred to a federal prison on the east coast. Dkt. 8, at 3; Dkt. 11, at 5; Dkt. 11-2.

## II.

Petitioner seeks an order directing his release from confinement on two grounds. First, in his habeas petition, Petitioner alleges he was held on a parole violation for more than 90 days without a revocation hearing, in violation of 18 U.S.C. § 4214 and his 14th Amendment right to due process. Dkt. 2, at 2-3. Second, in his reply brief, Petitioner alleges his current confinement is unlawful because "actions of the government" prevented him from submitting a suitable release plan. Dkt. 11, at 2-7.

Respondent urges this Court to deny the habeas petition because (1) Petitioner waived his right to a revocation hearing and (2) his continued incarceration is authorized by 28 C.F.R. § 2.28(e). Dkt. 8.

### A. Due process violation

Petitioner's first argument is based solely on his allegation that he was deprived of due process when he was detained on a parole violation for 112 days without a revocation hearing. Dkt. 2, at 1-3. As Petitioner asserts, a parolee has a conditional liberty interest in his continued release that is protected by the Due Process Clause of the 14th Amendment. Dkt. 2, at 2; *see Morrissey v. Brewer*, 408 U.S. 471, 481-82 (1972). Federal law protects that liberty interest by (1) requiring a prompt hearing to determine probable cause when a parolee is "retaken" pursuant to a parole violator warrant and (2) mandating a local revocation hearing within 60 days of the probable cause hearing if probable cause is found. 18 U.S.C. § 4214(a)(1)(A), (B). When a parolee admits to a parole violation at the probable cause hearing, the USPC has 90 days from the date of the parolee's "retaking" to conduct a revocation hearing. *Id.* § 4214(c). However, 28 C.F.R. § 2.48 provides for a preliminary

5

interview with a parolee who has been "retaken," in lieu of the probable cause "hearing." And "[a]n alleged violator may, at the time of the probable cause hearing or preliminary interview, waive the right to a revocation hearing and apply in writing for an immediate prison sanction of no more than 8 months." 28 C.F.R. § 2.66(d)(1). The parolee's waiver becomes effective only if the USPC approves a parolee's short-term sanction application. *Id.* § 2.66(d)(3).

As Respondent contends, and Petitioner concedes in his reply brief, Petitioner waived his right to a revocation hearing when he applied for a short-term sanction. Dkt. 8, at 3-4; Dkt. 11, at 1; Dkt. 8-8. And that waiver became effective when the USPC approved his request for a short-term sanction and ordered him to serve four months' confinement. Dkt. 8-10. As a result, the facts do not demonstrate a due process violation and do not support Petitioner's request for habeas relief.

**B.     Current confinement**

Petitioner's second argument shifts focus and alleges his current confinement is unlawful. Dkt. 11, at 2-7. He acknowledges that the USPC has the authority to "retard a parole date in the absence of a suitable release plan." Dkt. 11, at 1. Specifically, 28 C.F.R. § 2.28(e) provides:

> When an effective date of parole has been set by the Commission, release on that date shall be conditioned upon the completion of a satisfactory plan for parole supervision. The appropriate Regional Commissioner may on his own motion reconsider any case prior to release and may reopen and advance or retard an effective parole date for purpose of release planning. Retardation without a hearing may not exceed 120 days.

Here, it is undisputed that Petitioner did not submit a suitable release plan before his May 13, 2019 re-parole date. Dkt. 8, at 4-5; Dkt. 8-12. Consequently, on May 9, 2019, the USPC applied § 2.28(e) and extended Petitioner's release date for 120 days, or until September 12, 2019, to provide Petitioner additional time "to develop a satisfactory release plan." Dkt. 8-12. Thus, as Respondent argues, § 2.28(e) authorizes Petitioner's current confinement.

Petitioner nevertheless argues that his current confinement is unlawful because it was not his fault that he failed to submit a suitable release plan. Rather, in his view, his "inability to comply with the terms of his agreement with the USPC and submit a suitable release plan is caused by the actions of the government and his continued incarceration." Dkt. 11, at 1. More specifically, he claims (1) the USPC failed to give him sufficient notice to develop a suitable release plan before his May 13, 2019 re-parole date and (2) he cannot develop a suitable release plan for supervision in the Northern District of Oklahoma, as required by the USPC, before his pending September 12, 2019 re-parole date because the USPO has determined that "'no viable options' exist for supervising him here." *Id.* at 6-7.

While Petitioner's first argument for habeas relief lacks factual support, his second argument lacks legal support. Petitioner's second argument, developed for the first time in his reply brief, appears to challenge the USPO's alleged decision to discontinue supervision and the USPC's decision to "retard [his] effective parole date for purpose of release planning." *Id.* But he fails to explain how either decision violates any provision of federal law or any rights protected by the Constitution. *Id.*; *see* 28 U.S.C. § 2241(c)(3) (authorizing district court to grant habeas relief to prisoner who is held "in custody in

7

violation of the Constitution or laws or treaties of the United States"). As a result, the Court finds no legal support for Petitioner's request for immediate release from his current confinement.

## III.

Based on the foregoing, the Court denies Petitioner's petition for writ of habeas corpus.

**ACCORDINGLY, IT IS HEREBY ORDERED** that the petition for writ of habeas corpus (Dkt. 2) is **denied**. A separate judgment shall be issued in this matter.

**DATED** this 2nd day of July 2019.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE